# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### UNITED STATES v. GODILLOT & CO.

(Circuit Court of Appeals, Second Circuit. April 4, 1905.)

No. 151.

CUSTOMS DUTIES—MARKET VALUE—REMISSION OF TAXES—SPECIAL LOCAL TAXES.

The provision in section 10, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1922], that appraisers shall ascertain "the actual market value and wholesale price of merchandise * * * in the principal markets of the country whence the same has been exported," contemplates some value prevailing generally in the foreign country, and not some varying local value, and does not require that there should be included in the market value of goods imported from France certain special taxes, known as "droit de ville" and "octroi," which are remitted on exportation, but are not uniformly imposed throughout the country, nor uniform in amount.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 183.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York (131 Fed. 653), affirming the decision of the Board of General Appraisers, which overruled the action of the collector touching the assessment of customs duties on certain imported merchandise under the tariff act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1625]).

Charles D. Baker, for the United States.

Albert H. Washburn, for appellees.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge. There is no question as to the classification of the articles, which contain alcohol, and are imported from France, but only whether in determining the proper market value the appraiser was warranted in making certain additions to

139 F.—1

the invoice value of the goods as declared by the importers upon the entry. The appraiser added certain revenue taxes levied on the goods in France, but which, under the French law, were remitted upon exportation. The theory of the government is that, in order to ascertain the actual market value and wholesale price in the country from which it is imported, there should be included the tax which is imposed upon the article when it is consumed there. It was held in U. S. v. Passavant, 169 U. S. 16, 18 Sup. Ct. 219, 42 L. Ed. 644, with regard to a German duty on cotton velvet, which is imposed on the merchandise when it is sold by the manufacturers for consumption or sale in the markets of Germany, and is collected when the finished product goes into consumption in Germany, that, "as the tax accrues when the manufacturer sells, his wholesale price includes it, and the purchaser who buys these cotton velvets in wholesale quantities in the German markets pays a price covering the tax, and that is the price for the merchandise when bought and sold in those markets." It was therefore held that it might be added, although the duty was remitted as a "bonification of tax" when the velvets were exported; the court saying:

"The laws of this country in the assessment of duties proceed upon the market value in the exporting country, and not upon that market value less such remission or amelioration as that country chooses to allow in accordance with its own views of public policy."

In the case at bar the revenue taxes imposed under the French law are (1) a general tax on alcohol consumed in France, which is the same throughout the entire country; (2) at Bordeaux (from which city came the importations in this case) a special tax for the benefit of the city of Bordeaux; (3) the "octroi" duty on alcohol sold or consumed in the city of Bordeaux. The first of these taxes is not collected in case of exportation, but is uniform throughout France, in whatever part of that country the alcohol is consumed. The importer concedes that under the Passavant Case, supra, this tax may be added to make market value. The other two taxes, "droit de ville" and "octroi," are not collected in case of importation. Moreover, whenever the alcohol is removed from the city of Bordeaux to any other part of France, the "droit de ville" and "octroi" of that city are remitted, since they are purely local taxes imposed for the benefit of the particular town or city, which has in some way obtained the right to tax articles consumed within its boundaries for its own individual benefit. If articles which have been withdrawn from Bordeaux come into the jurisdiction of some other city or town, which has itself the right to levy "octroi" or "droit de ville," they become subject thereto if they be consumed there, but if they are again removed these taxes are remitted. If they come into some part of France which has no right to impose these local taxes, and are there consumed, no tax other than the general one is imposed upon them. It appears also from the findings of the Board of General Appraisers, which are printed in Rheinstrom v. U. S. (C. C.) 118 Fed. 303, that these local taxes vary with the locality, the percentage of octroi in some places (as Paris) being as low as 4.76 francs for every hundred inhabitants,

and in some others as high as 13.55 (Amiens), 14.15 (Rouen), 14.98 (Bordeaux) and 15.56 (Versailles). The tax is fixed by a decision of the municipal council, subject to the sanction of the legislative chambers. As many as 1,510 towns levy octroi.

The function of the appraiser is to ascertain "the actual market value and wholesale price of the merchandise, * * * in the principal markets of the country from which the same has been imported." Act June 10, 1890, c. 407, § 10, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1922]. Some value prevailing generally in the foreign country—not some varying local value prevailing in some of its individual cities—seems to have been contemplated by the statute. We concur with the board in the conclusion that these special taxes, being purely local, and lacking uniformity throughout the foreign country from which they come, cannot be properly considered as a certain or fixed element of market value in the markets of that country, especially since it appears that there are markets in that country where neither octroi nor droit de ville is levied.

The decision of the Circuit Court is affirmed.