### UNITED STATES v. BEER.

(Circuit Court of Appeals, Second Circuit. December 4, 1906.)

#### No. 55 (4,014).

1. CUSTOMS DUTIES—APPRAISEMENT—EXAMINATION OF GOODS ADVANCED IN VALUE.

An appraiser may not legally advance the value of imported merchandise not actually before him, or not represented by sufficient samples, even though he have before him one package in 10, as prescribed by section 2901, Rev. St. [U. S. Comp. St. 1901, p. 1921]. If these packages do not

represent every variety of goods, such representation must be had by se-
curing further packages or samples, for examination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Du-
ties, § 191.]

2. SAME—REVIEW OF ILLEGAL APPRAISEMENT.
    To the general rule that an appraisement by the local appraiser is final
and conclusive, unless reviewed by reappraisement proceedings, there is
an exception in case the appraiser proceeded on a wrong principle, as by
advancing the value of merchandise not examined by him. In such case
the importer may pursue the remedy prescribed in Customs Administra-
tive Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901,
p. 1933].

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties,
§§ 195, 200.]

Appeal from the Circuit Court of the United States for the Southern
District of New York.

This cause comes here upon appeal from a decision of the Circuit
Court, Southern District of New York (142 Fed. 199), affirming a de-
cision of the Board of General Appraisers, G. A. 6,035, T. D. 26,354,
which sustained a protest of the importer against the assessment and
advancement of the value of certain merchandise by a local appraiser
at the port of New York.

J. Osgood Nichols, Asst. U. S. Atty.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for im-
porter.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit
Judges.

PER CURIAM. There is no question here of classification for duty
under one or on another paragraph, or of the importation being on the
free list, or within the duty schedules. The local appraiser advanced
the valuation above that stated on the invoice, and it is contended that
he did this without having first made the examination and inspection
of the goods upon which his appraisement is to be made.

The importer brought in 15 cases of goods of different varieties.
Five of these were sent to the public stores and examined. One case,
which was not among those sent to the public stores, contained curtains,
and no one of the five which were examined contained any curtains.
Nevertheless the appraiser advanced the value of the curtains. The
Board of General Appraisers held that it was the appraiser's duty to as-
certain whether or not the goods were entered at the correct value,
and that to determine this it was his duty to examine them; that "it was
the duty of the appraiser when he saw from the invoice, as he readily
could, that the merchandise in case No. 2,398 was not represented by
that contained in the cases brought to the public stores, to call for a
sample of this merchandise. He had a perfect right to ask that this case
be sent to the public stores, and if it had already been delivered to the
importer he should have, before acting, made a demand upon the im-
porter for a sample of the same." The Circuit Court affirmed this con-
clusion without opinion, and in that decision we fully concur. The case

is similar to United States v. Loeb, 107 Fed. 692, 46 C. C. A. 562, in which this court said:

"Section 2901 of the Revised Statutes [U. S. Comp. St. 1901, p. 1921] requires one package in 10 to be opened, examined, and appraised, and, in regard to the two named classes of articles, the appraisers had neither package nor samples. They had a package of another importation containing embroideries, and a package containing handkerchiefs of another importation, the value of which was not advanced, but had no samples from the particular importation, and the articles in the packages in the public stores were not identical with the goods of which they had neither packages nor samples."

If 100 bolts of black broadcloth are imported in 10 packages, and 1 package sent to public stores, the appraiser may advance the value of the whole upon the sample before him; but the proposition that if 50 bolts of broadcloth and 50 rolls of colored silks are imported in 10 packages, and 1, containing only broadcloth, is sent to public stores and examined, the appraiser may nevertheless advance the value of the silk, no piece of which is before him, is without support in any authority to which our attention has been directed.

In the Circuit Court a stipulation was introduced to the effect that, some six months before, the appraiser had seen samples of the same pattern numbers, the goods being identical in character; but there is nothing to show what became of those samples. How long the recollection of a local appraiser in this crowded port will vividly reproduce to his mind the characteristics of a piece of goods we cannot undertake to determine, whether six weeks, or six months, or six years. The proper and efficient course to pursue in making investigation prior to appraisement is pointed out in the quotation (supra) from the opinion of the board, and there seems to be no difficulty in following it. He must have before him when he is about to act either the goods he acts upon or correct and sufficient samples thereof.

As was pointed out in Robertson v. Frank Bros., 132 U. S. 17, 10 Sup. Ct. 5, 33 L. Ed. 236, the general rule that the decision of the local appraiser is final and conclusive unless reviewed by proceedings for reappraisement is "subject to the qualification that, if the appraiser proceed upon a wrong principle, contrary to law, and this be made to appear, his appraisement is not unimpeachable." The importer in the case at bar, therefore, pursued the proper remedy in filing protest and appealing to the Board of General Appraisers.

The decision of the Circuit Court is affirmed.