N. ERLANGER, BLUMGART & CO. v. UNITED STATES.

(Circuit Court, S. D. New York.  January 18, 1907.)

No. 3,989.

1. CUSTOMS DUTIES—APPRAISEMENT—CONVERTERS' COMMISSIONS.

Merchandise was bought from so-called converters, who, after receiving the order, had the goods manufactured, dyed, and finished, and forwarded them, invoicing them at a certain price plus a commission. *Held* that the converters were in fact the vendors of the merchandise, and that the amount of the commission should be included in the dutiable value of the goods.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 187.]

**2. SAME—LEGALITY—REVIEWABILITY.**
A so-called converters' commission was contended to have been improperly included by the appraising officers in the dutiable value of merchandise. *Held* that the appraisement might be re-examined, and that evidence was admissible to show the nature of such commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 196.]

On Application for Review of a Decision of the Board of United States General Appraisers.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

HAZEL, District Judge.  In this controversy it is claimed that the refusal of the Board of General Appraisers to receive evidence to show the illegality of the appraisement proceedings was error.  According to the importers they had paid a commission of 2½ per cent. to a commissionnaire in the purchase of the goods.  The appraising officers, however, advanced the actual value of the merchandise by disallowing any deduction for commissions.  The United States Attorney contends that the invoices do not show the payment of a commission, that the payment of the percentage was in fact paid to the vendor of the merchandise, and therefore, the collector, under the provisions of the tariff act, correctly treated the alleged commission as part of the invoiced value, and subject to duty.  Evidence was given to show that, in arriving at the amount of duty, the collector considered the market value or wholesale price at the time of exportation in the country from whence the merchandise was imported, and that, in arriving at such value, he complied with the provisions of sections 10, 13, and 19 of the customs administrative act of June 10, 1890 (Act June 10, 1890, c. 407, 26 Stat. 136, 139 [U. S. Comp. St. 1901, pp. 1922, 1924, 1932]) which required him to take into consideration the costs and charges to complete the shipment.

The importers offered to show before the board the payment of a commission for services rendered in the purchase and shipment of the goods; but to this evidence the government objected.  The board sustained the objection, and the case was submitted.  An application has been made to this court for a review of the decision of the board subsequently rendered.  The testimony of five witnesses is printed in the record showing that the merchandise was bought from so-called converters at the price stated in the invoice plus 2½ per cent. commission.  It also appears that customarily the converter after receiving an order has the goods manufactured, then dyed and finished, and, when ready for transportation, he forwards them, and charges an agreed price, including the commission.  The board decided that the action of the appraising officers holding that the item for commissions was not independent of the market value of the goods was final and conclusive in the absence of fraud or illegality in the proceeding, and accordingly the testimony referred to was excluded.  Upon the authorities of Muser v. Magone, 155 U. S. 240, 15 Sup. Ct. 77, 39 L. Ed. 135; United States v. Herrman, 91 Fed. 116, 33 C. C. A. 400;

152 F.—37

Robertson v. Frank Bros. Co., 132 U. S. 17, 10 Sup. Ct. 5, 33 L. Ed. 236; Oberteuffer v. Robertson, 116 U. S. 499, 6 Sup. Ct. 462, 29 L. Ed. 706, and United States v. Beer (C. C. A.) 150 Fed. 566, I think the evidence should have been received and considered. In the Muser Case, the Supreme Court substantially held that, although the valuation as fixed by the appraisers is final it may, nevertheless, be attacked for want of power to make it, or where the appraisers are disqualified from acting or items have been included independent of the actual value. In United States v. Beer, supra, the Circuit Court says:

"As was pointed out in Robertson v. Frank Bros., 132 U. S. 17, 10 Sup. Ct. 5, 33 L. Ed. 236, the general rule that the decision of the local appraiser is final and conclusive unless reviewed by proceedings for reappraisement is sub ject to the qualification that if the appraiser proceed upon a wrong principle, contrary to law, and this be made to appear, his appraisement is not unimpeachable."

Hence, I conceive the rule to be that market values returned by the appraisers, though ordinarily not subject to attack, may nevertheless be re-examined, and the importers' remedy is by protest, whenever a nondutiable amount is included in such market value, or an indedependent item has been improperly considered, or where the appraiser omitted to make an inspection and examination upon which he based his appraisal. But it is contended by the government that the payment of the commission by the importers in the circumstances is wholly immaterial, inasmuch as the appraisers have clearly found the price charged for commission was in fact a part of the purchase price, and was included in the foreign market value. The evidence upon this point taken in this court is not persuasive of the claim that the appraisers erred in their action to ascertain the real market value. Although the proofs indicate that a commission is customarily paid to a so-called converter, and was paid in this case, yet the invoice indicates that such converter or agent was in fact the vendor of the merchandise. It does not clearly appear that the market value in the foreign country from where the goods were exported was different than that fixed by the appraisers.

The decision of the Board of General Appraisers is affirmed.