UNITED STATES v. MULLER, MACLEAN & CO.

(Circuit Court, S. D. New York. January 28, 1907.)

No. 4,417.

CUSTOMS DUTIES—APPRAISEMENT—ACTUAL MARKET VALUE—PRO FORMA INVOICE.

Merchandise was entered on a pro forma invoice which erroneously stated its value to be greatly in excess of its real value. On appraisement the appraiser approved the value so stated, because it was found to be sufficiently high, but did not find its real value. *Held*, that the appraisement was invalid because not in compliance with Customs Administrative Act June 10, 1890, c. 407, § 10, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1922], prescribing that it should be the duty of appraisers to find "the actual market value" of imported merchandise.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, §§ 181, 183.]

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question sustained the importers' protest against the assessment of duty by the collector of customs at the port of New York.

J. Osgood Nichols, Asst. U. S. Atty.
Kammerlohr & Duffy (John G. Duffy, of counsel), for importers.

HAZEL, District Judge. The merchandise (mica) was assessed for duty by the collector at its entry value indicated in the pro forma invoice. Subsequently the importer claimed that a clerical mistake had been made, and that, according to the consular invoice, the mica should have been valued at the sum of $204, instead of the sum of $632, as shown in the pro forma invoice. There was no reappraisement of the merchandise by the collector. Neither did the importer give notice of dissatisfaction upon which a reappraisement could have been had in conformity with section 13 of the tariff act of 1897. Therefore the government contends that the importer cannot now be heard to claim a less valuation of the merchandise.

It is urged, however, by the importer that there was no valid appraisement of the mica; that the valuation as a result of appraisement never became final and conclusive; and, therefore no reappraisement upon notice of the importer was necessary. By the provisions of section 10 of the act of June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1922], it was the duty of the appraiser by all reasonable ways and means in his power "to ascertain, estimate, and appraise

.(any invoice or affidavit thereto, or statement of cost, or of cost of production, to the contrary, notwithstanding), the actual market value and wholesale price of the merchandise at the time of exportation to the United States, in the principal markets of the country whence the same has been imported."

· There is no dispute as to the value of the merchandise; for the government practically concedes that a clerical mistake was made, and that the consular invoice correctly stated the value of the same. The examiner inspected the shipment, but I incline to the opinion that an appraisement such as contemplated by the tariff act was not made. The examiner evidently based his appraisement largely if not altogether upon the pro forma invoice, the value of the goods as therein stated, and not with the degree of care and the exercise of power that is required by the act. Upon that point the testimony of the witness Hyder, the official examiner in the appraisers' office, after stating that he inspected and appraised the goods, is as follows:

"Q. When you say that you appraised it, do you mean that you determined its value from such information as you had apart from the pro forma invoice? A. Yes, sir; that is, I determined the value was sufficient.

"Q. You did not inquire whether the value was too high? A. No, sir.

"Q. So when you say you appraised, you mean simply that you were satisfied that the pro forma invoice value was not too low? A. Yes; not too low.

"Q. You did not fix the market value of the merchandise? A. No, sir; did not fix a positive price."

· The contention of the government that the appraisement of the merchandise as made is final and conclusive, has no application to a case where the appraisement was evidently made contrary to law and not within the provisions of the tariff act. United States v. Beer (T. D. 27,753). See, also, United States v. Commercial Cable Company, G. A. 5,856 (T. D. 25,801), affirmed by the Circuit Court for this district, reported in T. D. 26,494 (141 Fed. 473). And the distinction made by the United States attorney is inapplicable to a case where no valid appraisement has been made.

It sufficiently appears that there was error in relation to the value of the merchandise; and, as the bona fides of the importers is unquestioned, the action of the Board of General Appraisers in reversing the collector was proper, and must be affirmed.