N. ERLANGER, BLUMGART & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. June 6, 1907.)

No. 294 (3,989).

1. CUSTOMS DUTIES—FINALITY OF APPRAISEMENT.
   Customs Administrative Act June 10, 1890, c. 407, § 13, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932], making decisions of appraising officers final and conclusive, does not prevent inquiry as to whether such officers acted legally; and evidence is admissible to show that items independent of the actual value have been included in the appraised value. Appraisers may not cut off all inquiry into their action by merely stating that an item was added "to make market value."

2. SAME—CONVERTERS' COMMISSIONS.
   Under Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1925], requiring appraised value to include, besides coverings, etc., "all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States," an invoice item described as a "converter's commission" was so included. Held, that this inclusion was proper, so far as it covered converters' services in having the goods dyed and finished, and in the absence of evidence to the contrary it would be presumed to be correct as to any other elements of the item.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 152 Fed. 576, affirming a decision of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York.

The case involves construction of Customs Administrative Act June 10, 1890, c. 407, § 13, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1932], which provides that decisions of local appraisers, and of general appraisers acting singly in reappraisement cases, shall, unless appealed to a Board of General Appraisers, "be final and conclusive as to the dutiable value of such merchandise against all parties interested therein," and that, when so appealed to a board, the decision of the board "shall be final and conclusive as to the dutiable value of such merchandise against all parties interested therein, and the collector * * * shall * * * liquidate the * * * duties to be paid on such merchandise"; no appeal from the decision of the reappraisement board being allowed.

The opinion of the Board of General Appraisers in the present case is as follows, so far as pertinent:

"WAITE, General Appraiser. The protests allege that nondutiable commissions were erroneously included in the dutiable value of the merchandise. Three distinct states of fact respecting the action of importers and the customs officers with relation to these alleged commissions are disclosed by the record. They are as follows: * * * (3) Instances where amounts equaling items described in the invoices as commissions were deducted by the importers upon entry from the price stated in the invoice for the merchandise, but were added to such value by the local appraiser to make market value. An appeal being taken upon these invoices to a single general appraiser, he made a finding as follows: 'To invoice price packed add [here amount is stated] amount specified as commission, to make market value.' The action of the general appraiser was approved by a board of three general appraisers, to which an appeal was subsequently taken. * * * Stated more specifically, the contentions and allegations of the protests, so far as material, appear to be as follows: * * * (2) That in the circumstances described * * * the appraising officers improperly advanced the value by disallowing the deduction of commissions, and that where they were included upon entry the

collector compelled the importers to include them by duress to avoid the imposition of additional or penal duties. * * *

"It is understood that the principal controversy in these cases arises over the invoices referred to in finding 3. It is our opinion, however, that in view of the action of the appraising officers with respect to these invoices the question as to whether the items of so-called commissions were as a matter of fact nondutiable commissions, and the parties to whom they purport to be paid commissionaires, is a matter of no consequence, so far as the power of this board sitting to review the collector's liquidation is concerned. All that has been added was added to make market value and by the proper appraising officers, who were clearly within their right as set forth in sections 10, 13, and 19, Customs Administrative Act June 10, 1890 (26 Stat. 136, 139, c. 407 [U. S. Comp. St. 1901, pp. 1922, 1932, 1924]). U. S. v. Herrman, 91 Fed. 116, 33 C. C. A. 400; U. S. v. Kenworthy, 68 Fed. 904, 16 C. C. A. 61; Wanamaker v. Cooper (C. C.) 69 Fed. 329; In re Rothfeld, G. A. 3,291 (T. D. 16,646). The value returned by the appraising officers as the market value of imported merchandise, including every element which is expressly included to make market value, is, under well-settled principles, final and conclusive upon all persons interested, in the absence of fraud or illegality in the proceedings. Passavant v. U. S., 148 U. S. 214, 13 Sup. Ct. 572, 37 L. Ed. 426; Muser v Magone, 155 U. S. 240, 15 Sup. Ct. 77, 39 L. Ed. 135; U. S. v. Passavant, 169 U. S. 16, 18 Sup. Ct. 219, 42 L. Ed. 644.

"The importers have not suggested fraud, and the only illegality they allege or offered to prove at the hearing was that the items added represented nondutiable commissions paid to a commissionaire, and that they were added as commissions by the appraising officers. Testimony on this point was excluded, however, in view of the fact that the reports of the appraising officers expressly stated the items to have been added to make market value. Abundant authority for such action is found in the authorities cited above. The Circuit Court of Appeals in the Kenworthy Case, supra, held similar evidence to have been erroneously admitted in the court below, observing (page 908 of 68 Fed., and page 65 of 16 C. C. A.): 'It follows, therefore, that it was error to allow the witness Culver to testify that the disputed charge was paid as a commission and did not enter into the price or value of the wool; for that was a question of fact which had been finally determined by the authorized officials, and was not retriable by the jury. We are of opinion that the court should have given peremptory instructions in favor of the government.' * * *

"The protests are overruled, with an affirmance of the collector's decision."

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for appellants.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The appellants imported certain worsteds and cottons, their invoices containing a statement of the price of the goods in sterling and an addition of 2½ per cent. commission. The commission was deducted on the entry as nondutiable. The appraiser added it again to the valuation, to make market value. The general appraisers, on reappraisement proceedings, sustained this action. The importers protested against the liquidation. When the protests were transmitted to the Board of General Appraisers, the importers offered evidence in support of their protests. Objection was made to any inquiry as to the 2½ per cent. commission on the ground that the goods in question had been appraised and reappraised, and that the question of value could not be attacked, unless fraud were shown. The objection was sustained, and, in the language of the board:

"Testimony on this point was excluded, in view of the fact that the reports of the appraising officers expressly stated the items to have been added to make market value."

Upon appeal to the Circuit Court it was held (152 Fed. 576) error to exclude the testimony, and that, although the valuation as fixed by the appraisers is final, it may be attacked where items have been included independent of the actual value.  The decision of the Circuit Court on this point is abundantly sustained by the authorities cited in Judge Hazel's opinion.  See, also, decision of this court in U. S. v. Godillot & Co., 139 Fed. 1, 71 C. C. A. 505.  The appraisers cannot include in their valuation some improper item, such as ocean freights from the foreign country to the United States, and cut off all inquiry as to their action by merely inscribing on the entry a statement that they added the item "to make market value."

The importer contends that this 2½ per cent. is merely a commission paid to his agent for services in procuring, forwarding, and caring for the goods, and is quite independent of the wholesale price of the goods at the market where they were bought.  Conceding that the commission represents only the services above specified, the question would remain whether, under the conditions of trading in the foreign market, it was "an arbitrary item, which really represented a part of the market price of the goods to the ordinary purchaser in the foreign market," as was the case with the importations considered in U. S. v. Herrman, 91 Fed. 116, 33 C. C. A. 400.  We do not find it necessary to decide that question upon this record, which is, perhaps, fortunate, because, by reason of the fact that the government put in no testimony, the conditions of buying and selling these goods are not as fully set forth as they were in the Herrman Case.

From the record it appears that the person to whom the 2½ per cent. is paid is known as a "converter."  He procures from the manufacturers of the goods samples of such as they have on hand or are prepared to make.  These samples, personally or by an agent here, he exhibits to the importer, who makes his selection and gives an order. Sometimes the importer goes direct to the manufacturer, makes selection, and gives an order, and thereupon furnishes a sample, with details, to the converter, who receives the goods from the manufacturer. The services rendered by the converter, after order given, appear to be as follows: (1) He receives the goods from the manufacturer, unfolds them, and carefully examines them, to see if they conform to the order and sample, to see that the importer is "getting the right goods." (2) He pays the manufacturer, and sends the bill, with his commission added, to the importer, who pays him.   (3) The goods are delivered by the manufacturer folded, but the American market wants them rolled.   Therefore the converter has them unfolded and rolled.   (4) He has them packed in cases or canvas and attends to the shipping. (5) The testimony indicates that the manufacturer produces the goods only in the grey.  It is the converter who "has them dyed and finished."  The invoices indicate that a large part of these shipments were dyed.

In addition to the 2½ per cent. the invoices contain other items of charge variously stated as follows: "Making up and packing."  "Pack-

ing, labor, etc., making up, and cases." "Making up in plaits." "Boxes." "Packing in cases." "Packing in canvas." "Cost of rolling, boards, paper, American shook cases." "Lining and nails." These items of charge are all added to the valuation, which the statute prescribes shall include "the value of all cartons, cases, crates, boxes, sacks, and coverings of any kind, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States." Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1925]. The record does not disclose how comprehensive are these above-quoted items of charge. Undoubtedly they cover the cost of the material used and the labor employed in rolling and packing; but they may or may not include the remuneration of the individual who procured such work to be done and oversaw the doing of it. In other words, so much of the converter's individual services as are enumerated under Nos. 3 and 4, supra, may be included in these items, and it may not. Upon the familiar principle that it must be presumed that public officers act according to law, we must assume that such services are not included. Certainly so much of the converter's services as are enumerated under No. 5, supra, should be included in the market value. They enter into the production of the completed article, which is purchased abroad for importation here. There is nothing to show that these services are included in any item of charge. Apparently they are included in the 2½ per cent.

Upon this record we are not satisfied that the appraisement should be reduced by the 2½ per cent. which is the subject of protest, and therefore the decision of the Circuit Court is affirmed.

TOWNSEND, Circuit Judge, heard argument, participated in consultation, and voted to affirm, but did not see the opinion.