### UNITED STATES v. MULLER, MACLEAN & CO.

(Circuit Court of Appeals, Second Circuit. November 8, 1907.)

#### No. 56 (4,417).

1. CUSTOMS DUTIES—CLERICAL ERROR—MISTAKE AS TO ABBREVIATION.
   An importer in giving the invoice value of his merchandise stated it in dollars, instead of rupees, having mistaken the rupee abbreviation for the dollar mark. *Held*, that this constituted a clerical mistake.

2. SAME—APPRAISEMENT—FAILURE TO APPRAISE TRUE VALUE.
   Merchandise having been erroneously invoiced at an excessive value, the appraiser merely accepted that value as being sufficiently high, without making any effort to ascertain the true value, as required by Customs Administrative Act June 10, 1890, c. 407, § 10, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1922]. *Held*, that the appraisement was therefore invalid.

3. SAME—INVOICE VALUE—ASSESSMENT ON LESS AMOUNT.
   The provision in Customs Administrative Act June 10, 1890, c. 407, § 7, 26 Stat. 134 [U. S. Comp. St. 1901, p. 1892], that duty shall not be assessed on less than the invoice value, does not require that the collector should take as the dutiable value an excessive sum erroneously given in a pro forma invoice, when he has before him a consular invoice giving the correct value. He conforms to the statute if he assesses on the basis of the value in the latter invoice.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, affirming a decision of the Board of General Appraisers, which reversed a decision of the collector of the port of New York in assess-

ing duty upon certain imported merchandise upon an amount stated as its value in the pro forma invoice, instead of the amount stated in the consular invoice, which latter amount, as the appraiser testifies, was the correct market value. The consular invoice, which had been delayed for some reason, was before the collector when he acted.

·J. Osgood Nichols, Asst. U. S. Atty.

Kammerlohr & Duffy (John G. Duffy, of counsel), for importers.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The decision of Judge Hazel will be found in 152 Fed. 575; and we fully concur in its conclusions. The appellant's brief states that Judge Hazel was in error in his assumption as to the government's concessions, and adds:

"The government does not concede that the alleged overvaluation of the mica was a clerical mistake. On the contrary it was a deliberate valuation by an importer," etc.

What the government does or does not concede in this particular is unimportant. The undisputed evidence shows conclusively just what the mistake was. The representative of the importer in preparing pro forma invoice had before him some insurance documents which stated the value as "rupees 636.10 (equals $204)." He mistook the rupee mark for a dollar mark, and, deducting for consular fees, set down the value as $632. If this is not a "clerical mistake," we are at a loss to define the term. The appraiser appears to have accepted the value thus stated as being high enough to cover. He made no effort whatever to "ascertain, estimate, and appraise the actual market value and wholesale price at the time of exportation in the principal markets of the country whence the merchandise was imported." Customs Administrative Act June 10, 1890, c. 407, § 10, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1922]. The case is therefore within the decision of this court in U. S. v. Beer, 150 Fed. 566, 80 C. C. A. 368.

Reference is made to the last clause of section 7 of customs administrative act of 1890, which reads:

"The duty shall not, however, be assessed in any case upon an amount less than the invoice or entered value."

That provision does not require the collector to accept a mistaken value given in a pro forma invoice, when he has before him the correct value given in a consular invoice. He conforms to the statute by not assessing upon an amount less than the consular invoice, if that give the correct value.

The decision is affirmed.