INTERNATIONAL SALES CO. ET AL. *v.* UNITED STATES (No. 2299).[1]

1. VALUE, MARKET AND DUTIABLE.
    The *market* value of imported merchandise is a matter for the appraiser; the *dutiable* value is a matter for the collector.

2. MARKET VALUE—FOREIGN INTERNAL REVENUE TAX.
    Jamaica ginger, made in conformity with the United States Pharmacopœia, was imported from Canada.    It is shown that there is no market for such in Canada, but that there is a regular market there, though small, for Jamaica ginger made in conformity with the British Pharmacopœia, and that the two are similar and comparable in value.    It is also shown that the Canadian Gov-

[1] T. D. 40699.

ernment levies an internal-revenue tax on the alcoholic content of the domestic article, but not of the exported article; and that this tax forms a part of the market value of the domestic article. This internal-revenue tax was properly considered an element in determining the actual market value or wholesale price of the imported merchandise, according to paragraphs K, L, and R, Section III, tariff act of 1913.

## United States Court of Customs Appeals, February 17, 1925

APPEAL from Board of United States General Appraisers, G. A. 8642 (T. D. 39619)

[Affirmed.—The opinion is on application for rehearing, the decision having been rendered June 28, 1924, and not published.]

*Marion De Vries* and *Edward P. Sharretts* (*Sharretts, Coe & Hillis* and *De Vries, Doherty, Davis & Lamb* of counsel) for appellants.

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument May 7, 1924, by Mr. De Vries, Mr. Sharretts, and Mr. Lawrence]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

[Oral reargument Jan. 30, 1925, by Mr. De Vries, Mr. Sharretts, and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Board of General Appraisers overruling the protests of the appellants, which challenged the legality of certain re-reappraisement proceedings under the tariff act of 1913.

The case was decided by this court on June 28, 1924. A petition for a rehearing of the issues involved was filed on August 30, 1924. The petition was granted and a rehearing ordered upon the question as to whether the record disclosed that the re-reappraisement board had determined the dutiable value of the merchandise or whether it had found its foreign market value.

It was the duty of the Board of General Appraisers, in re-reappraisement proceedings, to find the market value of the merchandise, leaving the question of dutiable value to be determined by the collector.

The case was reargued and submitted on January 30, 1925.

We adhere to the conclusion previously announced by the court.

The merchandise involved in the appeal consists of tincture of Jamaica ginger. It is composed of alcohol and ginger and was manufactured in Canada by a process of maceration and percolation, in conformity with the United States Pharmacopœia, and imported into the United States.

The record discloses that there is no market in Canada for tincture of Jamaica ginger made in conformity with the United States Pharmacopœia; that is, it is not sold for consumption in Canada.

It is claimed by the appellants that the officials charged by law with the duty of appraising imported merchandise, in the appraisement, reappraisement, and re-reappraisement of the merchandise involved in this appeal, proceeded on a wrong principle contrary to law and exceeded the powers conferred upon them by statute, when, in the appraisement of the merchandise in question, an internal-revenue tax on alcohol, imposed by the Canadian Government, was added to the entered value in order to determine the market value of the merchandise.

It is contended that the reappraisement board did not act upon evidence of the home market value in Canada, nor did it proceed to determine the cost of production in Canada in accordance with paragraphs K, L, and R, Section III, of the tariff act of 1913, but proceeded to determine market value by taking the export sales price thereof to the United States and adding thereto an internal-revenue tax on alcohol imposed by the Government of Canada.

It is further contended that there is no wholesale market value in Canada of the merchandise in question, and that there is no evidence tending to establish a wholesale market value of a similar commodity comparable in value therewith in that country.

The pertinent parts of paragraphs K, L, and R read as follows:

PAR. K. That it shall be the duty of the appraisers of the United States, and every of them, and every person who shall act as such appraiser, or of the collector, as the case may be, by all reasonable ways and means in his or their power to ascertain, estimate, and appraise (any invoice or affidavit thereto or statement of cost, or of cost of production to the contrary notwithstanding) the actual market value and wholesale price of the merchandise at the time of exportation to the United States, in the principal markets of the country whence the same has been imported, and the number of yards, parcels, or quantities, and actual market value or wholesale price of every of them, as the case may require.

PAR. L. That when the actual market value, as defined by law, of any article of imported merchandise, wholly or partly manufactured and subject to an ad valorem duty, or to a duty based in whole or in part on value, can not be ascertained to the satisfaction of the appraising officer, such officer shall use all available means in his power to ascertain the cost of production of such merchandise at the time of exportation to the United States, and at the place of manufacture, such cost of production to include the cost of materials and of fabrication, and all general expenses to be estimated at not less than 10 per centum, covering each and every outlay of whatsoever nature incident to such production, together with the expense of preparing and putting up such merchandise ready for shipment, and an addition of not less than 8 nor more than 50 per centum upon the total cost as thus ascertained;    *    *    *

PAR. R. That whenever imported merchandise is subject to an ad valorem rate of duty, or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the actual market value or wholesale price thereof, at the time of exportation to the United States, in the principal markets of the country from whence exported; that such actual market value shall be held to be the price at which such merchandise is freely offered for sale to all purchasers in said markets, in the usual wholesale quantities, and the price which the seller, shipper, or owner would have received, and was willing to receive, for such

merchandise when sold in the ordinary course of trade in the usual wholesale quantities, * * * That the words "value," or "actual market value," or "wholesale price," whenever used in this act, or in any law relating to the appraisement of imported merchandise, shall be construed to be the actual market value or wholesale price of such or similar merchandise comparable in value therewith, as defined in this act.

An article composed of alcohol and Jamaica ginger, made in conformity with the British Pharmacopœia, is manufactured and sold for consumption in Canada, but not in very great quantities; it is sold, however, at wholesale, and it seems to us the evidence in the case establishes that, while the sales of this commodity are small as compared with the sales of other articles of commerce, it is freely offered for sale to all purchasers in the markets of Canada and is sold therein for consumption in Canada in the usual wholesale quantities. The mere fact that the quantity of merchandise actually sold is small, as compared with the quantity of sales of some other and different articles of commerce, does not establish that there is no wholesale market for the merchandise in question and that it has no wholesale market value.

The evidence also establishes, we think, that the tincture of ginger manufactured in conformity with the British Pharmacopœia is similar to the imported merchandise and comparable in value therewith, within the meaning of the language used in paragraph R, supra.

The value of one is not exactly the value of the other and of course Congress could not have intended that such values should be identical.

The article consumed in Canada had a fluctuating market depending upon many elements entering into its manufacture and sale, including the one of quantity sales. The internal revenue tax on alcohol apparently was the largest item to be considered in determining its market value, and the profit exacted by the manufacturer was another important item. But the fact that the market value of the article consumed in Canada fluctuated in accordance with quantity sales, the changes in the amount of internal-revenue tax imposed, and profits exacted, fully establishes that there is a wholesale market for the article and, in our opinion, does not refute the claim made by the Government that the two commodities are similar and comparable in value.

That there is an internal-revenue tax imposed by the Canadian Government on alcohol consumed in Canada and that when the duty is paid by the manufacturer and the merchandise is exported from Canada, such duty is repaid, refunded, or returned in some form or another by the Government of Canada to the person entitled thereto, are also established by the evidence in the record.

But it appears that the manufacturers of the merchandise in question are permitted to give bond to the Government of Canada and thereby avoid the usual details involved in the transaction of manu-

facture and sale of such merchandise for exportation. They are not required to pay the tax on merchandise exported but are required to pay the tax on the merchandise if sold for consumption in Canada. This method of procedure does not affect the proposition that the Government of Canada imposes a tax on the merchandise consumed in Canada and remits the tax in case the merchandise is exported. It is but a convenient business arrangement existing between the Government and the manufacturer.

It having been established that there is an internal-revenue tax on an article which is similar and comparable in value with the merchandise involved in this case, when consumed in Canada, and that the tax accrues when the manufacturer sells such article, we conclude that the tax is an element to be considered in determining the actual market value or wholesale price of such article.—United States v. Passavant (169 U. S. 16); Roger v. United States (12 Ct. Cust. Appls. 201; T. D. 40181).

But it is contended by appellants that the internal-revenue tax was added to the export price of the merchandise instead of merely including it as one of the elements to be considered in determining the market value or wholesale price of the merchandise in the principal markets of the country of exportation. It is argued that the invoiced prices of the various importations correspond exactly with the export value or price, and that the fact that the internal-revenue tax was added to the invoiced values in each instance by the appraiser, general appraiser, and Board of General Appraisers is sufficient to warrant the conclusion that the tax was added to the export price or export value to make market value.

If the record in the case permitted no other reasonable conclusion than that argued by the appellants, or if it appeared affirmatively in the record that the tax was added to export value in order to determine market value in the country of exportation, such action on the part of the appraiser, general appraiser, and Board of General Appraisers would be contrary to law. But we think that we are not justified in assuming, in the absence of evidence clearly indicating such action on the part of the appraising officials, that the internal-revenue tax was added to export value to make market value.

It was the duty of such officials to determine the market value or wholesale price of such or similar merchandise, comparable in value, in the country of exportation, and, in the absence of evidence clearly showing that such appraising officials proceeded on a wrong principle contrary to law, it must be presumed that they acted in accordance with the principle and procedure provided by law.

But it is contended by counsel for the appellants that the importers having added the Canadian internal-revenue tax on alcohol to the export price in order to meet advances by the appraiser, and

the appraiser having approved the entered value, he thereby found that the market value of the merchandise was the export value plus the internal-revenue tax. If the appraising officials had ·so stated, or if no other deduction from the record could fairly be made than the one contended for by the appellants we would concur in the importers' contention. We think that the correct explanation, in the absence of evidence to the contrary, is that the appraising officials found that the value stated in the entries corresponded to the actual market value of similar merchandise comparable in value with that imported.

There is evidence in the record of sales of similar merchandise comparable in value with that imported, and the market value of such similar merchandise included the Canadian internal-revenue tax. Accordingly the internal-revenue tax was properly included as a proper item of market value.—United States *v.* Passavant (169 U. S. 16, 25).· In the Passavant case, supra, the ·Supreme Court said:

The appraiser found, as matter of fact, that the market value in Germany was equal to the invoice price plus the home duty, *but he did not therefore include that item as a substantive item independent of the market value, and add it thereto to make dutiable value, though in ascertaining the market value in Germany he properly recognized the fact that that duty formed part of the purchase price in the markets of that country.*   (Italics ours.)

We are of the opinion that the Passavant case, supra, is authority for the views we have expressed in the case under consideration.

If, in the first instance, the importers had entered the merchandise at a value equal to the market value of the merchandise which was found to be similar and comparable in value with that imported, it would not have been·necessary·for them to have added the revenue tax in order to meet the appraiser's advances to make such value. It was the duty of the importers to enter their merchandise according to law, not contrary thereto.

It is perfectly apparent that the cost of production of the imported merchandise is far less than the foreign market value of the similar product which is sold in Canada. The importers are presumed to know the law and the facts pertaining to the entry of such merchandise. It was their duty to enter the imported merchandise at its foreign market value, or wholesale price, if such value could be ascertained. If the imported article had no market value, or wholesale price, in the country from which it was exported, and for that reason such value or price could not be stated in the entry, the importers should have entered it at the foreign market value or wholesale price of a similar article comparable in value with that imported.

It would be a strange doctrine of law indeed, which permitted an importer to enter merchandise at a foreign market value made up

of improper items, and, at the same time, held the agents of the Government responsible for such improper conduct solely on account of the fact that the value as entered equaled the foreign market value or wholesale price as found by the appraisers of such or similar merchandise comparable in value therewith.

. We are of the opinion that the record is consistent with the view that the final appraisement was lawfully made and that the market value of the merchandise was determined by the appraising officials, rather than its dutiable value.

·The judgment of the Board of General Appraisers is *affirmed*.