## Hughes Fawcett, Inc. v. United States

**No. 4360.**—Invoices dated Upice, Czechoslovakia, August 24, 1934, etc.
Certified August 27, 1934, etc.

Entered at New York September 8, 1934, etc.
Entry No. 67146, etc.

(Decided June 28, 1938)

*Lane & Wallace* (*William Young* of counsel) for the plaintiff.

*Joseph R. Jackson*, Assistant Attorney General (*Webster J. Oliver*, special attorney, *Frank X. O'Donnell*, junior attorney), for the defendant.

KINCHELOE, Judge: These appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, involve the question of the dutiable value of flax yarn imported by the plaintiff under the Tariff Act of 1930 from Czechoslovakia covering a period from September 1934 to March 1937 and entered at the port of New York. All of these cases were consolidated for the purpose of trial.

The yarn was appraised on the basis of foreign value which is conceded by both plaintiff and defendant to be the correct basis. The *per se* unit prices and charges are conceded by both parties to be correct as appraised.

At the trial of this case the importer called one witness, Max Buxbaum, a member of the manufacturing firm which spun the flax yarn of which all of these importations consist and also placed in evidence four affidavits (Collective Exhibits 1, 2, 3, and 4). The defendant called no witnesses but introduced four exhibits in evidence in the form of special agents' reports, Exhibits 5 and 6, Collective Exhibits 7 and 8. After carefully considering all of this record, to my mind there is no conflict of testimony in it. In view of this, I deem it unnecessary to itemize even in an epitomized way the record in this case.

This record shows that at the time of the importations of all the instant merchandise there was in force and effect a law of the Czechoslovakian Government of date March 28, 1934, a copy of which will be found in Collective Exhibit 8 as Exhibit B, known as the Pauschal (lump-sum) turnover tax of 13 per centum on all flax yarns sold for home consumption in Czechoslovakia and 6½ per centum on finished textiles manufactured and sold in Czechoslovakia; that the spinner of flax yarn at the time he sells it for home consumption in Czechoslovakia adds to the purchase price the 13 per centum tax, collects same, executes to the purchaser a receipt and then pays it to the Czechoslovakian Government. If the purchaser of said yarn for home consumption is a weaver or a manufacturer then he is compelled to make a report every three months to the Czechoslovakian Government accounting for sales of his products in Czechoslovakia and he is compelled to pay said government a weaving or manufacturing tax of 6½ per centum on said sales. But if said manufacturer or weaver has purchased the yarn out of which he manufactures the article from a spinner of yarn he is then given by the Czechoslovakian Government a credit of the 13 per centum tax he paid when

he purchased said yarn on the amount of his 6½ per centum manufacturer tax. He is given this credit though the yarn out of which he manufactures the textile may not be the identical yarn he purchased when he paid the 13 per centum tax on the yarn. If a business concern in Czechoslovakia is a spinner of yarn and also a weaver of the cloth, this concern does not pay the 13 per centum tax on the spinning of the yarn it spins but pays the entire 6½ per centum to the government on the manufactured textile. There is no tax either on the yarn or manufactured articles sold for export.

So the issue in this case is whether the 13 per centum tax on the yarn added by the appraiser in appraising all of this merchandise is a dutiable item. The plaintiff contends that it is not a dutiable item and the defendant contends that it is. The record in this case also shows that the 6½ per centum manufacturer's tax is a higher tax than the 13 per centum tax on the flax yarn because of the labor and other overhead costs that go into the manufacture of the yarn into cloth. The record further shows that if a purchaser of flax yarn for home consumption in Czechoslovakia never manufactures flax yarn into the cloth, he never receives a refund of the said 13 per centum tax.

It must be clearly borne in mind that the proper basis of the dutiable value of all the instant merchandise is *foreign value*. When the manufacturer of cloth in Czechoslovakia pays his manufacturer's tax of 6½ per centum, the 13 per centum tax which he may have paid for yarn is not in fact refunded to him, but is merely credited on the 6½ per centum manufacturer's tax. Also, if a buyer of flax yarns for consumption in Czechoslovakia who pays the 13 per centum flax yarn tax, either resells it or uses it for any other purpose than manufacturing, he never is repaid same. In my judgment there can be no doubt from the reading of this record that these two taxes are separate and distinct, each independent of the other, and that the Czechoslovakian Government recognized this fact when it passed the Pauschal (lump-sum) turnover tax law and I am also further of the opinion that all of the yarn sold for home consumption in Czechoslovakia is not used by the immediate purchaser in the manufacture of textiles. If all the yarn sold for home consumption is used in the manufacturing of textiles why is there a 13 per centum tax on the yarn at all? Why not have the 6½ per centum tax on the manufactured articles only? For the manufacturer gets the credit of his 13 per centum tax paid on the yarn purchased when he manufactures yarn into cloth and pays said manufacturing tax.

In my judgment the importer in this case is in the same position legally as a purchaser of yarn in Czechoslovakia for home consumption who never manufactures yarn into cloth because it is conceded that the proper basis of appraisement of this merchandise is foreign value.

This case, as I see it, is analogous if not on all fours with a case decided by the Supreme Court of the United States in *United States* v. *Passavant*, 169 U. S. 16. In that case a tax or duty was levied and collected on certain merchandise which was sold for home consumption in Germany, but (as in this case) was remitted on the same character of merchandise which was exported. The court held that the fact that the German tax or duty was not in fact paid on the merchandise when exported, was immaterial and that exoneration from its payment was a mere special advantage extended by the German Government in promotion of manufactures and commerce. The appraiser there found as a matter of fact that the market value *in Germany* was equal to the invoice price, plus home duty or tax, though he did not include that item as a substantive item independent of the market value, and added thereto to make dutiable value. But the court held that in ascertaining the market value in Germany the appraiser properly recognized the fact that the tax or duty formed a part of the purchase price *in the markets of that country*.

Our appellate court in the cases of *Roger & Gallet* v. *United States*, 12 Ct. Cust. Appls. 201, T. D. 40181, and *International Sales Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 506, T. D. 40699, decided in substance the same as in the *Passavant* case, *supra*, and in my judgment the same principle was involved in both of said cases.

The attorney for the defendant (R. 47, 48) objected to the testimony regarding what happened after the merchandise was sold as yarn, and moved to expunge the testimony of the witnesses respecting same, as to the condition of the taxing situation, or otherwise, after the yarn is bought by the first purchaser from the yarn manufacturer. Said motion was then taken under advisement by the court. Said motion is hereby denied, and an exception to this ruling is given to the defendant.

So, I am of the opinion that the 13 per centum tax effective in Czechoslovakia upon flax yarn for home consumption in Czechoslovakia at the time of all of the instant importations is a dutiable item in view of the fact that foreign value is the correct basis of appraisement in all of them.

After carefully considering all of this record and exhibits I find the following facts:

1. That the merchandise covered by all of these reappraisements consists of flax yarn.

2. That there is no export value of the instant merchandise.

3. That the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values were the values returned by the appraiser.

I hold as a matter of law that the correct dutiable values of the instant merchandise are the foreign values as set forth in finding of fact number 3. Judgment will be rendered accordingly.