WILLIAM J. OBERLE, INC. *v.* UNITED STATES

**No. 5960.**—Invoice dated Koln-Mulheim, Germany, November 26, 1935.
    Certified December 4, 1935.
    Entered at New Orleans, La., December 28, 1935.
    Entry No. 1773–1/4.

(Decided November 30, 1943)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Joseph E. Weil, Dorothy C. Bennett,* and *Samuel D. Spector,* special attorneys), for the defendant.

TILSON, Judge: The merchandise involved in this appeal to reappraisement consists of steel wire rope exported from Germany and entered at the port of New Orleans on December 28, 1935. The case was first heard at Chicago, then at New Orleans, and the final hearing was had at Chicago on December 9, 1940. Evidence was introduced as to the correct value of the merchandise, and also for the purpose of showing that the merchandise had never been legally appraised.

As heretofore stated, the merchandise was entered on December 28, 1935, and it is therefore subject to the provisions of section 499 of the act of 1930, insofar as the designation and examination thereof is concerned, and is not subject to, or in any way controlled by, the provisions of the Administrative Act of 1938, which modified said section 499 regarding designation and examination of merchandise.

Under the caption "Packages to be examined," appearing on the "Summary of entered value, examination and appraisement," only the words "WHARF" and "MEASURE" appear. Clearly this is an insufficient designation. At the close of the hearing at New Orleans, counsel for the plaintiff made the following motion:

\* \* \* we move to vacate the appraisements, and for judgment holding the appraisements null and void on the further ground that neither the examiner who reported the value of the merchandise to the appraiser, nor the appraiser who reported the value to the collector, ever examined or inspected any of the merchandise, and with that the plaintiff rests.

The record fully supports the contention of the plaintiff that neither the examiner who reported the value of this merchandise to the appraiser, nor the appraiser who reported the value to the collector, ever examined or inspected any of the merchandise. At the date of the entry of this merchandise Mr. Heroy was the examiner who, apparently, examined this class of merchandise, but before the merchandise was appraised, Mr. Heroy had passed away, and Mr. Bertaut had at that time succeeded to Mr. Heroy's position as examiner of merchandise. Examiner Bertaut testified that he never examined or inspected the merchandise, and the appraiser, Mr. Badeaux, testified that he never examined or inspected the merchandise, and that he based his appraisement upon the report made to him by Examiner Bertaut. This testimony stands without contradiction, and based upon the same I find and hold that the merchandise in this case was not opened and examined in accordance with the mandatory provisions of section 499 of the act of 1930, which declares that:

\* \* \*. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined.

Therefore, under the authority of *United States* v. *Davis*, 20 C. C. P. A. 305, and *United States* v. *Tower*, 24 C. C. P. A. 456, I hold the so-called appraisement in this case to be null and void *ab initio*. Under situations similar to that here it was held in the *Beer's* case, T. D. 26354, affirmed in *United States* v. *Beer*, 142 Fed. 199; *United States* v. *Muller*, 158 Fed. 405; *McKesson & Robbins* v. *United States*, 11 Ct. Cust. Appls. 459; *United States* v. *Michelson*, 12 Ct. Cust. Appls. 402; and *United States* v. *Steffan*, 18 C. C. P. A. 455, that the collector in liquidation should take duty upon the entered value.

Judgment will be rendered holding the so-called appraisement in this case to be null and void *ab initio*.