JOHN H. FAUNCE, INC. (MATCH IMPORT CO.) *v.* UNITED STATES

No. 6260.—Invoices dated Kuopio, Suomi, Finland, March 19, 1931, etc.
    Certified March 20, 1931, etc.
    Entered at Philadelphia, Pa., April 11, 1931, etc.
    Entry No. 11195, etc.

(Decided February 21, 1946)

*Harry G. Herman* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

MOLLISON, Judge: These appeals for reappraisements involve the valuation of certain matches under the provisions of the Antidumping Act of 1921. When the cases were called for trial it was stipulated and agreed between counsel that the collector did not designate one out of every ten packages in the importations involved for examination for the purposes of appraisement as required by section 499 of the Tariff Act of 1930; that the designation in each case was "Examine at wharf"; that there were no case numbers or package numbers designated; and that there was no special regulation in existence at that time affecting this type of merchandise.

Upon the basis of this stipulation counsel for the plaintiff moved for judgment holding the so-called appraisements to have been void.

These cases arose prior to the passage of the Customs Administrative Act of 1938 (52 Stat. 1077) making certain changes with respect to appraisements made in cases where proper designation of packages to be examined under section 499 was lacking, and the provisions of that act therefore have no application to the situation at bar.

It has been held that a designation such as was made in these cases was an insufficient designation under section 499 as it read prior to amendment by the Customs Administrative Act, *supra*. *William J. Oberle, Inc.* v. *United States*, 11 Cust. Ct. 487, Reap. Dec. 5960. Following the decision in that case, and under the authority of the cases therein cited, I hold the so-called appraisements in these cases to be null and void *ab initio*, and judgment will issue accordingly.